IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEBORAH MARSTON, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:16-cv-1805-N-BN |
| § | |
| NANCY A. BERRYHILL, § | |
| Acting Commissioner of Social Security, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Deborah Marston seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision should be reversed.

**Background**

Plaintiff alleges that she is disabled due to a variety of ailments, including back and neck pain, bipolar disorder, and schizophrenia. *See* Administrative Record [Dkt. No. 14 ("Tr.")] at 239. After her applications for disability insurance benefits and supplemental security income ("SSI") benefits were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on August 27, 2014. *See id.* at 32-68. At the time of the hearing, Plaintiff was 42 years old. *See id.* at 41. She is a high school graduate and has past work experience as a dialysis technician and a home health aide. *See id.* at 41, 61.

Plaintiff has not engaged in substantial gainful activity since May 19, 2012. *See id.* at 17.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability or SSI benefits. Although the medical evidence established that Plaintiff suffered from a spine disorder, schizophrenia, and other psychotic disorders, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. *See id.* at 17, 20. The ALJ further determined that Plaintiff had the residual functional capacity to perform her past relevant work. *See id.* at 24. Alternatively, and relying on a vocational expert's testimony, the ALJ determined that Plaintiff is capable of making a successful adjustment to other jobs that exist in significant numbers in the national economy. *See id.*

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. Plaintiff contends that the hearing decision is not supported by substantial evidence and results from reversible legal error. More particularly, Plaintiff argues that: (1) the ALJ used the wrong legal standard in evaluating the severity of her impairments; (2) the ALJ failed to consider all of the evidence in evaluating the severity of her impairments; (3) the ALJ's assessment of her residual functional capacity is not supported by substantial evidence and results from reversible legal error; (4) the ALJ improperly evaluated medical and non-medical opinion evidence; (5) the determination that she can return to her past relevant work is not supported by substantial evidence; and (6) the ALJ has failed to establish the existence of other work that Plaintiff can perform.

The undersigned concludes that the hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with these findings and conclusions.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive

and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show

that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Among the arguments Plaintiff makes is a single ground that compels remand – the ALJ failed to use the proper legal standard to evaluate Plaintiff's severe impairments.[1] Plaintiff contends that even though the ALJ found her spine disorder, schizophrenia, and other psychotic disorders to be severe, the ALJ failed to consider all of her vocationally significant impairments, specifically her herniated cervical and lumbar discs. One of Plaintiff's arguments is that the ALJ committed reversible error by failing to apply the appropriate legal standard, set forth by *Stone v. Heckler*, 752 F.2d 1099, 1102 (5th Cir. 1985), and, as a result, failed to consider the effect of vocationally significant impairments on Plaintiff's RFC.

Plaintiff argues that the ALJ committed a *Stone* error by citing and apparently applying the statutory definition of "severe" – stating that an impairment is severe "if it significantly limits an individual's ability to perform basic work activities. An impairment or combination of impairments is 'not severe' when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work." Tr. at 16 (citing 20 C.F.R. §§ 404.1521 & 416.921; SSR 85-28, 96-3p, & 96-4p).

---

[1] By recommending a remand of this case for further administrative proceedings, the undersigned does not suggest that Plaintiff is or should be found disabled.

At Step 2, the primary analysis is whether a claimant's impairment, or combination of impairments, is severe, irrespective of age, education, or work experience. *See Stone*, 752 F.2d at 1100. In *Stone*, the United States Court of Appeals for the Fifth Circuit "construed the current regulation as setting the following standard in determining whether a claimant's impairment is severe: '[A]n impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.'" *Id.* at 1101 (quoting *Estran v. Heckler*, 745 F.2d 340, 341 (5th Cir. 1984)). In making a severity determination, the ALJ must set forth the correct standard by reference to Fifth Circuit opinions or by an express statement that the Fifth Circuit's construction of the regulation has been applied. *See Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986).

A court must assume that the "ALJ and Appeals Council have applied an incorrect standard to the severity requirement unless the correct standard is set forth by reference to [*Stone*] or another [opinion] of the same effect, or by an express statement that the construction [the Fifth Circuit gave] to 20 C.F.R. § 404.1520(c) (1984) is used." *Stone*, 752 F.2d at 1106. Notwithstanding this presumption, the Court must look beyond the use of "magic words" and determine whether the ALJ applied the correct severity standard. *See Hampton*, 785 F.2d at 1311. That is, the presumption may be rebutted by a showing that the ALJ applied the correct legal standard, regardless of the ALJ's recitation of the severity standard, or that the ALJ's application

-7-

of the incorrect standard was harmless. *See Morris v. Astrue*, No. 4:11-cv-631-Y, 2012 WL 4468185, at *9 (N.D. Tex. Sept. 4, 2012), *rec. adopted*, 2012 WL 4466144 (N.D. Tex. Sept. 27, 2012); *see also Taylor v. Astrue*, No. 3:10-cv-1158-O-BD, 2011 WL 4091506, at *6 (N.D. Tex. June 27, 2011), *rec. adopted,* 2011 WL 4091503 (N.D. Tex. Sept. 14, 2011) (applying harmless error analysis in *Stone* error cases).

In her decision, the ALJ did not refer to *Stone* and instead set forth the severity standard that reflects the regulations set forth by 20 C.F.R. § 404.1520(c) and § 416.920(c). *See* Tr. at 16. Her language is similar or identical to that at issue in *Lacy v. Colvin*, No. 3:13-cv-1312-BN, 2013 WL 6476381, at *8 (N.D. Tex. Dec. 10, 2013), and *Sanders v. Astrue*, No. 3:07-cv-1827-G-BH, 2008 WL 4211146, at *7 (N.D. Tex. Sept. 12, 2008). In *Sanders*, as in the instant case, the ALJ made no reference to *Stone* but stated that an "impairment or combination of impairments is 'not severe' when medical or other evidence establish only a slight abnormality or combination of slight abnormalities <u>that would have no more than a minimal effect on an individual's ability to work</u>." *Id.* (emphasis in original). The court in *Sanders* reasoned that this language indicated that the impairment could have, "at most, a minimal effect on a claimant's ability to work." *Id.* Because the standard set forth in *Stone* "provides no allowance for a minimal interference on a claimant's ability to work," the language in *Sanders* was not a proper recitation of the severity standard. *Id.*

As in *Sanders*, the standard recited by the ALJ here allows for a minimal effect on the claimant's ability to work. The *Stone* severity standard does not allow for <u>any</u>

-8-

interference with work ability – even minimal interference. *See Scroggins v. Astrue*, 598 F. Supp. 2d 800, 805-06 (N.D. Tex. 2009); *Morris*, 2012 WL 4468185, at *5. The ALJ therefore erred because she did not actually state the same standard mandated by *Stone*.

In the past, this would be grounds for automatic remand because it constituted a legal error. *See, e.g.*, *Scroggins*, 598 F. Supp. 2d at 806-07; *Sanders*, 2008 WL 4211146, at *8. More recently, however, courts have not automatically remanded such cases. *See, e.g.*, *Lacy*, 2013 WL 6476381, at *8; *Rivera v. Colvin*, No. 3:12-cv-1748-G-BN, 2013 WL 4623514, at *6 (N.D. Tex. Aug. 28, 2013); *Easom v. Colvin*, No. 3:12-cv-1289-N-BN, 2013 WL 2458540, at *4-*6 (N.D. Tex. June 7, 2013). Rather, the presumption that legal error occurred based on the incorrect wording of the standard may be rebutted by a showing that the correct legal standard was actually applied by the ALJ, *see Morris*, 2012 WL 4468185, at *9, or that the error was harmless, *see Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012). Many courts have presumed that the *Stone* error is harmless where the analysis continues beyond Step 2. *See, e.g., Lederman v. Astrue*, 829 F. Supp. 2d 531, 539 (N.D. Tex. 2011).

Here, Plaintiff suggests that the error cannot be harmless because the ALJ did not properly consider certain alleged impairments – herniated cervical and lumbar discs– after Step 2 of the Sequential Analysis. That is, according to Plaintiff, the failure to apply the proper *Stone* standard was not harmless because the ALJ did not consider

these impairments in Step 4 or Step 5 and possibly found them non-severe based upon the incorrect standard for severity.

In her narrative, the ALJ referred to records from Craig Himmelsehr, D.C., who treated Plaintiff after she was involved in a motor vehicle accident in May 2012. Dr. Himmelsehr noted that, among other things, there was impingement on the nerve root at C7 and broad-based disc protrusion extending 4-5 mm beyond the vertebral endplates in July 2012. *See* Tr. at 18, 367-71. The ALJ also noted that an x-ray of the cervical spine taken on July 5, 2013 reveals mild spondylosis at C3-C4 and C4-C5 with no fracture or subluxation, and that partial intervertebral fusion was noted. *See id.* at 20, 513. And the ALJ noted that the internal medicine consultive examiner included an x-ray of the cervical spine dated July 5, 2013, which shows spondylosis from C3-C7 with no fracture or subluxation and partial invertebral fusion at C5-C6. *See id.* at 20, 521. The consultive examiner's diagnosis shows displacement of the cervical intervertebral disc without myelopathy, other and unspecified disc disorder, lumbar region, and degeneration of lumbar or lumbosacral intervertebral disc. *See id.* at 20, 523.

But the ALJ failed to consider evidence that indicates Plaintiff has herniated cervical and lumbar discs, *see id.* at 369, 399, 430, 432, 631-32, 635, or electrodiagnostic studies that reveal trauma or entrapment of the radial nerves at the wrist, slowing of the right ulnar nerve indicating trauma or entrapment at the elbow, and trauma or entrapment of the right median nerve at the wrist, *see id.* at 406.

Plaintiff argues that this evidence indicates decreased muscle strength, decreased light touch and abnormal reflexes. *See id.* at 398. Contrary to the ALJ's finding, this is some evidence that Plaintiff has restricted range of motion. And the Court cannot determine from the ALJ's narrative whether she intended to include all of Plaintiff's musculoskeletal conditions by using the term "spinal disorder," as the Commissioner contends. Thus, it appears the ALJ not only invoked the wrong language but actually used the wrong standard in evaluating those impairments. *See, e.g., Scott v. Comm'r*, No. 3:11-cv-152-BF, 2012 WL 1058120, at *7-*8 (N.D. Tex. Mar. 29, 2012); *Scroggins*, 598 F. Supp. 2d at 805-06; *Sanders*, 2008 WL 4211146, at *7.

The ALJ's failure to apply the correct legal standard was prejudicial. At the hearing, the VE testified that if Plaintiff was restricted to lifting and carrying 10 pounds occasionally and less than 10 pounds frequently, Plaintiff would be precluded from performing all three jobs identified by the VE and found by the ALJ as work Plaintiff is capable of performing. Thus, if the ALJ had considered Plaintiff's decreased muscle strength and reduced range of motion under the correct legal standard, the result could have been different.

## Recommendation

The hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: June 29, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE