IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEBORAH M., § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | No. 16-cv-1805-N-BN | |
| § | | |
| NANCY A. BERRYHILL, § | | |
| Acting Commissioner of Social Security, § | | |
| § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Deborah M.'s counsel Ronald D. Honig has filed a Petition to Obtain Approval of a Fee for Representing a Social Security Claimant. *See* Dkt. No. 26. United States District Judge David C. Godbey has referred this matter to the undersigned United States magistrate judge for recommendation.

For the reasons explained below, the Court should grant the motion.

**Background**

On June 27, 2016, Plaintiff filed a complaint challenging the Commissioner of Social Security's decision denying her claim for benefits under the Social Security Act. *See* Dkt. No. 1. By an order and judgment entered on August 3, 2017 [Dkt. Nos. 18 & 19], the Court reversed and remanded this case for further administrative proceedings. Plaintiff then moved for, and was awarded, attorneys' fees under the Equal Access to Justice Act ("EAJA") in the amount of $5,419.23. *See* Dkt. Nos. 22, 23, & 25.

In his Petition to Obtain Approval of a Fee for Representing a Social Security

Claimant, Mr. Honig explains that, "[a]s a result of such remand, a decision in favor of the Plaintiff was rendered by an Administrative Law Judge of the Social Security Administration"; "[a]s a result of such decision, an award of benefits was made to the Plaintiff by the Defendant Commissioner"; "[a] Social Security Administration notice, dated June 10, 2018 advised Plaintiff that she had been awarded past-due benefits for the period commencing November 2012" and Plaintiff "was found to be entitled to benefits of $795.20 for November 2012, with annual cost of living increases thereafter"; and "[t]he notice further advised that the amount of $13,450.75, representing 25% of her past-due benefits, had been withheld for payment of an approved attorney fee." Dkt. No. 26 at 2-3 of 46.

As provided by a contingency fee agreement, *see* Dkt. No. 26 at 37-38 of 46, Mr. Honig now seeks approval under Section 406(b) of the Social Security Act to pay him attorneys' fees in the amount of $13,702.25, which represents 25% of the past-due disability insurance benefits awarded to Plaintiff, *see id.* at 4 of 46. Mr. Honig also explains that

> [a] second Notice of Award, with regard to Plaintiff's Supplemental Security Income (SSI) benefits, dated May 10, 2018, advised that an additional award of SSI benefits had been made as a consequence of the favorable decision issued in Plaintiff's claim. The notice advised that the first month of SSI eligibility was September 2012, with benefits due in the amount of $335.34 per month.
> The Retirement, Survivors and Disability Insurance benefits notice advised [Plaintiff] that "[w]e pay Social Security Benefits for a given month in the next month. For example, we pay Social Security Benefits for March in April." Accordingly, if the Plaintiff's first month of entitlement to Disability Insurance Benefits was November 2012, those benefits would have been received in December 2012. As Plaintiff's first month of eligibility to SSI benefits is September 2012, that means that

2

>   she was entitled to benefits for the months of September 2012 through November 2012, before she would have received her first payment of Disability Insurance Benefits.
>
>   As a needs-based program, Supplemental Security Income payments are reduced, dollar for dollar, by the receipt of any other benefits, including Retirement, Survivors and Disability insurance benefits (following a $20.00 exclusion per month). Accordingly, if Plaintiff was entitled to SSI benefits in the amount of $335.34 per month, upon receipt of her first payment for Disability Insurance Benefits in December 2012 in the amount of $795.20, she would have been ineligible for further SSI payments. Thus, the only period of eligibility for SSI payments was for the months of September 2012 through November 2012. Her total SSI past-due was $1006.02 ($335.34 x 3=$1006.02) and the appropriate attorney fee on that amount is $251.50 ($1006.02 / 4=$251.50).
>
>   Petitioner has not received a notice advising of the amount of past-due SSI or the attorney fee withheld after computation of the "windfall offset." However, as shown above, the amount can be calculated and there is no reason for further delay in waiting for such notice. Thus, the total attorney fee which should be withheld by the Commissioner from Plaintiff's past due Disability Insurance Benefits and Supplemental Security Income benefits is $13,702.25 ($13,450.75+$251.50=$13,702.25).
>
>   Petitioner hereby requests approval of a fee of $13,702.25, representing twenty-five percent (25%) of the Plaintiff's past-due benefits, under 42 USC § 406(b) for services rendered to the Plaintiff before this Honorable Court. This request is in accord with the contract executed between Petitioner and the Plaintiff dated June 24, 2016, attached hereto as an exhibit.

*Id.* at 3-4 of 46.

The Commissioner timely filed a response, *see* Dkt. No. 27, and the motion is now ripe for decision.

## Legal Standards and Analysis

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action." *Murkeldove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011). While Section 406(a) governs the award of attorneys' fees for

3

representing a claimant in administrative proceedings, Section 406(b) governs the award of attorneys' fees for representing a claimant in court. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment....

42 U.S.C. § 406(b)(1)(A); *see also Murkeldove*, 635 F.3d at 788 (citing *Gisbrecht*, 535 U.S. at 800); *accord Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013) (holding that "§ 406(b) fees are authorized in cases where an attorney obtains a favorable decision on remand").

Contingency fee agreements in Social Security cases are unenforceable to the extent that they provide for fees exceeding 25% of past-due benefits. *See Gisbrecht*, 535 U.S. at 807. Even when contingency fee agreements are within the statutory ceiling, Section "406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

The Commissioner has declined to assert a position on the reasonableness of Plaintiff's fee request on the ground that she is not the true party in interest but asks the Court to resolve the question of reasonableness. *See* Dkt. No. 27 at 1, 8. As the United States Court of Appeals for the Fifth Circuit has noted, the Commissioner has no direct financial stake in the fee determination; rather, her role resembles that of a "trustee" for the claimant. *See Jeter v. Astrue*, 622 F.3d 371, 374 n.1 (5th Cir. 2010)

4

(citing *Gisbrecht*, 535 U.S. at 798 n.6). Seeking a Court's review of the reasonableness of the fees sought is consistent with this role.

But the Commissioner notes that Plaintiff's attorney requests $13,702.25 in fees for his 28.05 hours of service (or $488.49 per hour) representing Plaintiff in federal court" and "is requesting $13,702.25, which appears not to exceed 25% of Plaintiff's past-due benefits." Dkt. No. 27 at 4.

The reasonableness of attorneys' fees awarded pursuant to a fee-shifting statute is generally determined by using the lodestar method. *See Jeter*, 622 F.3d at 374 n.1. Noting that Section 406(b) is not a fee-shifting statute, however, the Supreme Court has "explicitly rejected" the use of the lodestar method as the "starting point" in determining the reasonableness of a fee under this statute. *Gisbrecht*, 535 U.S. at 801. Instead, "lower courts [are] to give a contingency fee agreement 'primacy,'" although this will "in some instances result in an excessively high fee award." *Jeter*, 622 F.3d at 379.

The Court in *Gisbrecht* acknowledged that, "[i]f the benefits [resulting from a contingency fee agreement] are large in comparison to the amount of time counsel spent on the case, a downward adjustment is ... in order [to disallow windfalls for lawyers]." 535 U.S. at 808. The Fifth Circuit has interpreted this language to mean that courts may still employ the lodestar method in determining whether a contingency fee constitutes a windfall but only if they "articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage." *Jeter*, 622 F.3d at 379. For instance, a court may consider a reasonable hourly rate in its "windfall"

5

assessment, "so long as this mathematical calculation is accompanied by consideration of whether an attorney's success is attributable to his own work or instead to some unearned advantage for which it would not be reasonable to compensate him." *Id.*

The Fifth Circuit has not prescribed an exhaustive list of factors to consider in determining whether a fee award is unearned. It has noted with approval several factors considered by lower courts, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Id.* at 381-82 (citing *Brannen v. Barnhart*, No. l:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004)). The claimant's attorney bears the burden of persuasion on the reasonableness of the fees sought. *See Gisbrecht*, 535 U.S. at 807 n.17.

With regard to the first factor, courts have consistently recognized that "there is a substantial risk of loss in civil actions for social security disability benefits." *Charlton v. Astrue*, No. 3:10-cv-56-O-BH, 2011 WL 6325905, at *4 (N.D. Tex. Nov. 22, 2011) (noting that, in the year 2000, only 35 percent of claimants who appealed their case to federal court received benefits), *rec. adopted*, 2011 WL 6288029 (N.D. Tex. Dec. 14, 2011); *see also Hartz v. Astrue*, No. Civ. A. 08-4566, 2012 WL 4471846, at *6 (E.D. La. Sept. 12, 2012) (collecting cases), *rec. adopted*, 2012 WL 4471813 (E.D. La. Sept. 27, 2012). Here, counsel faced a substantial risk of loss, as Plaintiff had lost at all levels of the administrative proceedings. See Dkt. No. 14 at 4; Dkt. No. 17 at 2.

Counsel's resulting effective hourly rate of $488.49 ($13,702.25 divided by 28.05

hours of attorney work devoted to the case) does not exceed 25% of the past-due benefits that Plaintiff received. Mr. Honig has provided evidence that, "while counsel does not normally charge fees on an hourly basis, the standard hourly rate which would be charged in such circumstances is $375.00 per hour" and that "[s]urvey information indicates that this is consistent with the median hourly rate of $388.00 per hour, charged by law firms in the Texas region, in the year 2012, by equity partners in law firms in the region.." Dkt. No. 26 at 7 of 46. But counsel submits that, where he "expended 28.05 hours in service to the Plaintiff before this Honorable Court" and "has devoted over forty years of study and practice in the field of Social Security Law, having served nearly twelve years as an attorney for the Social Security Administration and over thirty years since then as an attorney representing individuals in social security claims before the Social Security Administration and the Federal Courts," "[t]he resulting hourly rate requested here therefore seems reasonable" and that, "[i]n In of counsel's forty-two years of experience in the practice of social security law and the contingent nature of the agreement, [Mr. Honig] respectfully submits that the attorney fee requested is reasonable and consistent with awards granted in this and other courts." *Id.* at 7-8 of 46.

"Consistent with the fact that services were performed for the Plaintiff on a contingent fee basis, [Mr. Honig] respectfully submits that a fee of 2.5 times the standard hourly rate is not unreasonable and is consistent with the awards described above." *Id.* at 8 of 46. "Accordingly, [Mr. Honig] is requesting an attorney fee at the rate of $488.49 per hour for services rendered to the Plaintiff before this Honorable

7

Court, which is 1.30 times the applicable hourly rate." *Id.*

The undersigned agrees that the resulting hourly rate is reasonable under the circumstances of this case.

Moreover, Mr. Honig provided effective and efficient representation, expending over 28 hours to reach a favorable result. Given the lack of success at the administrative level, counsel's success appears to be attributable to their own work.

Finally, while not determinative, the existence of a contingency fee agreement indicates that Plaintiff consented to the payment of a 25% fee. *See Jeter*, 622 F.3d at 381-82; *Hartz*, 2012 WL 4471846, at *6.

After weighing the relevant factors, the undersigned finds that the requested contingency fee award in the amount of $13,702.25 is reasonable under the circumstances of this case and should be granted under Section 406(b).

Plaintiff was previously awarded attorneys' fees pursuant to the EAJA. *See* Dkt. No. 25. Given the overlap between the EAJA and Section 406(b) of the Social Security Act, "Congress harmonized fees payable by the Government under" these statutes by requiring that the attorney "refund to [Plaintiff] the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (citation omitted); *Rice v. Astrue*, 609 F.3d 831, 837-39 (5th Cir. 2010).

Here, Mr. Honig represents that, "should this Honorable Court award a fee under 42 U.S. C. Section 406 (b), and should such fee be paid by the Social Security Administration, the lesser of the amount approved and paid as an attorney fee, or the amount received under the Equal Access to Justice Act, shall be reimbursed to the

8

Plaintiff." Dkt. No. 26 at 9 of 46.

## Recommendation

The Court should grant Plaintiff's counsel Ronald D. Honig's Petition to Obtain Approval of a Fee for Representing a Social Security Claimant [Dkt. No. 26] and award Mr. Honig $13,702.25 in attorneys' fees to be certified for payment out of Plaintiff Deborah M.'s past-due benefits under 42 U.S.C. § 406(b) and order the Acting Commissioner to release such amount as and for an attorneys' fee to Plaintiff's counsel Ronald D. Honig.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 24, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE